# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-128-MOC-DSC

| | |
|---|---|
| LEKAYLE BOOKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PATRICIA ALBRITTON, et. al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the Defendants' "Motion[s] to Dismiss" (documents ##9, 13, 15, 17, 19, 24, 28 and 32) and the Court's "Order" entered June 5, 2017 (document #33) (advising pro se Plaintiff of her rights under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and setting a deadline of July 7, 2017 for her to respond). Plaintiff has not responded to the Court's Order or the Motions to Dismiss, nor has she requested an extension or contacted the Court.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

In its June 5, 2017 Order, the Court ordered:

> In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se, that she has a right to respond to Defendants' Motions. The Court also advises Plaintiff that failure to respond may result in Defendants being granted the relief they seek, that is, the DISMISSAL OF THE COMPLAINT WITH PREJUDICE.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff is allowed until July 7, 2017 to respond to Defendants' "Motion[s] to Dismiss" (documents ##9, 13, 15, 17, 19, 24, 28 and 32).

Document #33 (emphasis in original). The docket reflects that the Clerk mailed a copy of the Order to Plaintiff.

The District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has failed to respond to the Motions to Dismiss as well as the Court's Roseboro Order. Accordingly, the undersigned concludes that any sanctions short of dismissal would not be effective.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS**, as well as those stated in Defendants' briefs, the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss" (documents ##9, 13, 15, 17, 19, 24, 28 and 32) be **GRANTED**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

 The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff at 1108 Oaklawn Avenue, Apartment H, Charlotte, North Carolina 28206; to the other pro se parties; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: September 7, 2017

_____
David S. Cayer
United States Magistrate Judge